**Harley JEPSEN and Lima Jepsen, Plaintiffs and Appellants,**

**v.**

**Mark TENHOEVE, Steve Brown, and Interwest Pacific Corp., a Utah corporation, Defendants and Respondents.**

**No. 18090.**

Supreme Court of Utah.

Nov. 2, 1982.

W. Scott Barrett, Logan, for plaintiffs and appellants.

James C. Jenkins, Logan, for defendants and respondents.

PER CURIAM:

Plaintiffs contend that the trial judge incorrectly vacated a verdict in the amount of $4,000, which a jury had returned against the defendant, Tenhoeve.

The complaint was somewhat lacking in specifics as to whether Tenhoeve was the principal or agent under a written contract for the purchase and sale of plaintiffs' farm property. The contract was signed by the defendant Brown, as an officer of the purchaser, defendant Interwest Corporation. Brown was eliminated as a defendant and the case went to the jury as to the respective liabilities of Interwest and Tenhoeve.

In spite of any inarticulation in the complaint, the trial judge, in his instructions, put the issue squarely to the jury as follows:

It is the position of the plaintiffs that the defendant, Tenhoeve, was acting as his own principal and is liable for breach of the contract for any damages that may flow therefrom. It is the position of the defendant, Tenhoeve, that he was acting as an agent for a disclosed principal under Interwest, and therefore, if any breach or damages occurred, it is the liability of a disclosed principal, the Corporation Interwest Pacific.

The plaintiffs concede that the issue put to the jury by the court was that upon which they were relying. In their brief, they say "plaintiffs filed this action . . . for damages . . . for breach of agreement against all three defendants . . . ." The plaintiffs indulged in a certain degree of ambiguity in their complaint by also asserting that Tenhoeve and Brown, as procurers of a buyer, had converted $14,000 by deducting that amount from the $20,000 down payment as a sales commission. It is this alleged unauthorized retention of commission about which the plaintiffs target their claim on appeal that the court erred in vacating the jury verdict against Tenhoeve.

Plaintiffs contend that the jury verdict should stand because Tenhoeve did not move for a directed verdict under Rule 50, Utah Rules of Civil Procedure. Plaintiffs claim that such failure prevented the entertainment of a subsequent motion for judgment notwithstanding the verdict.

The court entered judgment on the verdict on September 18, 1981, for $4,000 against Tenhoeve and $40,000 against Interwest *as principals under the contract*. A timely motion dated September 28, 1981, suggesting incompatibility of verdicts, was filed by Tenhoeve for "dismissal, and directed verdict," or "alternatively judgment notwithstanding the verdict." This somewhat perplexing and unorthodox omnibus motion, though leading to confusion and debate, nonetheless gave timely notice of a claim of error in the verdict of the jury. The trial judge dealt with the problem when he entered judgment as follows:

At the close of the case, defendant made a motion to dismiss which was taken under advisement. That motion is now renewed or alternatively [one for] judgment notwithstanding the verdict . . . . Defendant, Tenhoeve, was sued as a principal along with Interwest. The defense of Tenhoeve is that he was an agent of Interwest and was not himself a

principal. The problem here lies with the verdict returned by the jury. They found liability on the part of Tenhoeve, but assessed damages at only $4,000. The assessed damages against Interwest is in the amount of $40,000. If in fact, Tenhoeve was a principal he would have the same liability as Interwest. The verdict, therefore, is inconsistent with finding Tenhoeve as a principal. Therefore, the motion to dismiss as to Tenhoeve will be granted.

The confusion in this case appears to have resulted from plaintiffs' casting of Tenhoeve in the doubtful dual role of tortfeasor and defaulting obligor in the complaint. This matter was not presented to the jury for determination.

We are of the opinion that the trial court did not err in his order dismissing the complaint against Tenhoeve, which had the same effect as vacating the jury's verdict. Nor do we consider that the court's appraisal of the rules of procedure as applied to the history of this case, was inaccurate or inappropriate.

Affirmed.

STEWART and HOWE, JJ., dissent.